**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MAXIUS PIERRE WAITE,

     Petitioner,

v.                            Case No.  4:25-cv-437-TKW-MJF

WARDEN, LEON COUNTY
DETENTION FACILITY,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Maxius Waite, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition because three of Waite's claims are unexhausted and one claim is moot. Doc. 14. Waite opposes the motion. Doc. 17. The undersigned concludes that no evidentiary hearing is required, and that Waite's petition must be dismissed.

### BACKGROUND

In Leon County Circuit Court Case No. 2024-CF-2503, Waite was charged with Domestic Battery by Strangulation. Doc. 15-1, Exs. 14 &

Page 1 of 18

15.[1] On December 19, 2024, Waite executed a counseled, written plea agreement and pleaded no contest to the charge. Ex. 16. The trial court accepted Waite's plea and, consistent with the plea agreement, withheld an adjudication of guilt and sentenced Waite to three years of probation. Ex. 17.

On January 6, 2025, a Violation of Probation ("VOP") affidavit was filed alleging that Waite failed to report to the probation office upon release from jail as instructed. Ex. 18. On February 4, 2025, Waite pleaded no contest to the violation and his three-year term of probation was reinstated. Ex. 19. On July 11, 2025, another VOP affidavit was filed alleging that Waite was arrested on May 8, 2025, for Burglary with Assault. Ex. 20.

On July 17, 2025, Waite was charged in Leon County Circuit Court Case No. 2025-CF-1254, with Burglary of a Structure with Person Assaulted. Exs. 5 & 6. Waite was appointed counsel and proceeded to trial. Exs. 6 & 10. The jury found Waite guilty of the lesser-included offense of misdemeanor Battery. Exs. 7 & 10. On August 26, 2025, the

---

[1] Hereafter, all citations to the state-court record are to the exhibits in the State's appendix, Doc. 15-1.

trial court sentenced Waite in Case No. 2025-CF-1254 to 11 months and 29 days of imprisonment in the county jail with 111 days of jail credit. Ex. 8.

On August 26, 2025, the trial court conducted a probation revocation hearing in Case No. 2024-CF-2503 (the Battery by Strangulation case). Ex. 21. Waite was represented by counsel. *Id.* The trial court found Waite guilty of the probation violation, revoked Waite's probation and sentenced Waite to a new three-year term of probation. Exs. 21 & 22.

On September 2, 2025, Waite appealed both judgments and sentences to the Florida First District Court of Appeal ("First DCA"). *See* Exs. 9 & 12.[2] A mere five weeks later, on October 10, 2025, Waite filed his federal habeas petition in this District Court. Doc. 1.

## WAITE'S FEDERAL HABEAS PETITION

Waite's § 2254 petition raises four grounds for relief:

<u>Ground One</u>:    "Trial Held without Lawful Jurisdiction"—a challenge to Waite's conviction in Case No. 2025-CF-1254.

---

[2] On October 22, 2025, the First DCA consolidated Waite's appeals under Case No. 1D2025-2244. *See* Ex. 13.

Ground Two:    "Denial of Appellate Counsel and Access to Direct Review"—an allegation that Waite has not been appointed counsel in his direct appeal.

Ground Three:    "VOP Proceedings Void: No jurisdiction and No Written Revocation Order"—a challenge to Waite's probation revocation in Case No. 2024-CF-2503.

Ground Four:    "State Court's Sustained Inaction: Unruled Motions & Ignored Sentencing Error Motion (Ineffective State Corrective Process)"—an allegation that from June through October 2025, Waite filed numerous motions in the state courts that were not ruled on.

Concerning exhaustion, Waite alleges that he intends to raise Ground One in his direct appeal. Doc. 1 at 9. Regarding Grounds Two and Four, Waite alleges that he raised these issues in a state-court mandamus petition seeking to compel the state court to appoint appellate counsel. *Id.* at 11–12, 15–16. As to Ground Three, Waite alleges that he raised this issue in two motions that are still pending in the state courts. *Id.* at 13–14. At the end of Waite's § 2254 petition, Waite adds:

> State courts have not ruled on any of my motions or appellate requests. Lack of counsel and failure to transmit the record prevented briefing on direct appeal. Extraordinary writ is pending without action.

Doc. 1 at 17.

**THE STATE'S MOTION TO DISMISS**

The State filed its motion to dismiss on February 11, 2026. Doc. 14. At that time, the last filing in Waite's direct appeal was an "Agreed Notice of Extension of Time to file Appellant's Initial Brief" filed by Waite's appellate counsel on January 16, 2026. *See* Ex. 11; *see also* Ex. 24.

The State argues that Grounds One, Three and Four of Waite's petition are unexhausted because they are direct-appeal claims and Waite's direct appeal is still pending. Doc. 14 at 4. The State maintains that Ground Two is moot because Waite was appointed counsel in his direct appeal on October 10, 2025. *Id.* at 5. If Ground Two is not moot, the State argues that Ground Two is exhausted and without merit, rendering Waite's § 2254 petition a mixed petition warranting dismissal. Thus, under either view, Waite's petition should be dismissed without prejudice.

**RELEVANT LEGAL STANDARDS**

**A.    The Federal Habeas Exhaustion Requirement**

Page 5 of 18

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." *Shinn v. Ramirez*, 596 U.S. 366, 375 (2022) (citations omitted). One such constraint is the exhaustion requirement. *See* 28 U.S.C. § 2254(b); *Shinn*, 596 U.S. at 375-79.

Section 2254 "requires state prisoners to 'exhaust the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn*, 596 U.S. at 377 (alteration adopted) (quoting 28 U.S.C. § 2254(b)(1)(A)). State prisoners must "invoke[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citation omitted). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) (citing *Lundy*, 455 U.S. at 519–20).

A state prisoner is excused from the exhaustion requirement if (1) "there is an absence of available State corrective process," or (2)

"circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). "An exception is made only if there is no *opportunity* to obtain redress in state court or if the corrective process is so clearly deficient as to render futile *any effort* to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (emphasis added).

## B. The Mootness Doctrine

A claim must be dismissed as moot if the issue it raises is "no longer 'live' such that the Court cannot give meaningful relief." *Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120 (11th Cir. 2006) (quoting *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002)). Thus, if an event that occurs subsequent to the filing of a petition "deprive[s] the court of the ability to give the [petitioner] meaningful relief, then the [claim] is moot and must be dismissed." *Soliman*, 296 F.3d at 1242.

## DISCUSSION

## A. Grounds One, Three and Four Are Unexhausted

"[T]he proper time to analyze exhaustion is when the district court issues its order." *Hall v. Sec'y, Fla. Dep't of Child. & Fams.*, 2025 WL 395679, at *2 (11th Cir. Feb. 4, 2025) (unpublished) (relying on the

Supreme Court's interpretation of § 2254(b) in *Rhines v. Weber*, 544 U.S. 269, 275–78 (2005)). Pursuant to Federal Rule of Evidence 201, this court takes judicial notice that Waite's direct appeal remains pending. *See* Attach. 1.

Grounds One, Three and Four are direct-appeal claims. Because Waite's direct appeal is still pending, Waite has not yet given the courts of Florida a full and fair chance to resolve these claims. Waite must do so *before* seeking habeas relief in federal court.

> **1.    *Waite Has Not Shown that Florida's Corrective Process Is Ineffective to Protect His Rights***

Waite argues that Florida's appellate process is ineffective to protect his rights because (1) the state trial court disregarded Waite's *pro se* motions; (2) the First DCA denied Waite's initial motion to proceed *pro se* (which was followed by Waite's motion to appoint counsel); and (3) Waite's appointed appellate counsel has not communicated with Waite. Doc. 17 at 3–5. None of these allegations demonstrate that the state corrective process is ineffective to protect Waite's rights.

For starters, Waite's allegations of trial-court error do not show that Florida's *appellate* process is ineffective to correct those trial-level

errors. That is what Florida's direct-appeal process was designed to do. Waite currently is utilizing that process.

Second, the state courts' refusal to entertain Waite's *pro se* filings due to Waite's representation by counsel has not rendered Florida's corrective process futile or ineffective to protect Waite's rights.[3] The record establishes that appellate counsel has filed an initial brief on Waite's behalf. *See* Attach. 1. Waite does not allege—nor does the record suggest—that the state courts have refused to address a filing submitted by Waite's counsel.

Third, to the extent trial or appellate counsel failed to communicate with Waite, failed to file particular motions Waite requested, or failed to pursue particular issues, Waite has avenues for asserting ineffective-assistance-of-counsel claims in the state courts. Florida has established

---

[3] Waite does not have a constitutional right to proceed *pro se* in his direct appeal. *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (there is no constitutional right to self-representation on direct appeal). Waite also does not have a constitutional right to hybrid representation by counsel and himself. *Sheppard v. State*, 17 So. 3d 275, 279 (Fla. 2009) ("[A] defendant has no Sixth Amendment right to simultaneously proceed pro se and with legal representation."); *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

corrective processes for these types of claims. *See* Fla. R. Crim. P. 3.850; Fla. R. App. P. 9.141(b), (d).

For the foregoing reasons, Waite has not shown that § 2254(b)(1)(B) applies. Waite, therefore, must satisfy the federal habeas exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(A); *Carruth v. Comm'r, Ala. Dep't of Corr.*, 93 F.4th 1338, 1354 (11th Cir. 2024) ("As long as a State appellate process exists, follows firmly established and regularly followed rules, and is not ineffective to protect the rights of the petitioner, the petitioner must navigate the State appellate process under the State's rules." (internal quotation marks and citations omitted)). Waite's failure to do so warrants dismissal of the unexhausted claims.

### 2.   *Waite Has Not Shown that a Stay Is Appropriate*

Waite argues that if the District Court determines that any claim is unexhausted, the court should stay his petition instead of dismissing it. Doc. 17 at 5–7 (citing *Rhines, supra*).

"District courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Rhines*, 544 U.S. at 276. In *Rhines*, the Court addressed a "mixed" petition, that is, a petition containing both exhausted and unexhausted claims. *Id.* at 271. The Court

discussed how "the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement" might cause some petitioners who come to federal court with "mixed" petitions to "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275. For example, "if a district court dismisses a mixed petition close to the end of the 1-year [limitations] period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim." *Id.* at 275.

For those petitioners, district courts are authorized to order a stay and abeyance of a petition, but only "in limited circumstances." *Id.* at 277. The "limited circumstances" are when (1) the petitioner had "good cause" for failing to exhaust his claims first in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277–78.

Waite has not shown that dismissal of his federal petition will unreasonably impair his ability to obtain federal review of his claims. The circumstances addressed by the Supreme Court in *Rhines*—the interplay

Page 11 of 18

between *Lundy*'s dismissal requirement and AEDPA's 1-year statute of limitations—are not present here. *Rhines*, 544 U.S. at 274–75. Waite's federal limitations period has not yet begun to run.

Waite's response does not allege any other circumstances that would warrant a stay. *See* Doc. 17. Although Waite asserts he has "good cause" for failing to exhaust his claims, he merely repeats the same allegations he proffered as to why he should not be required to exhaust *at all*—the alleged ineffectiveness of Florida's corrective process. Waite references: (1) the state courts' refusal to address Waite's *pro se* motions filed while Waite was represented by counsel (points 1, 2 and 5); (2) appellate counsel's "lack of communication" (point 3); (3) an "incomplete appellate record" (point 4); and (4) Waite's letters and notices to various judicial and state officers that have gone unanswered (point 6). *See* Doc. 17 at 6; Doc. 17-1. As discussed above, however, Florida's corrective process is available and is effective to protect Waite's rights. Waite currently is utilizing that process with the assistance of counsel.

Because Waite fails to satisfy the "good cause" prong required by *Rhines*, the district court may deny a stay without addressing whether Waite satisfies the remaining two requirements for a stay.

To summarize, Grounds One, Three and Four are unexhausted. Waite has not shown that Florida's corrective process is ineffective to protect his rights. Waite also has not shown that a stay is appropriate. Thus, Grounds One, Three and Four should be dismissed without prejudice for Waite's failure to exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1); *Lundy*, 455 U.S. at 519–20; *O'Sullivan*, 526 U.S. at 845.

### B.    <u>**Ground Two Is Moot**</u>

Waite's remaining claim—Ground Two—alleges that "the First DCA has not appointed appellate counsel and the trial court has not transmitted the record" in Waite's direct appeal. Doc. 1 at 11. As relief, Waite seeks an order from this court that "appoints appellate counsel, and transmits the record" of Waite's criminal cases to the First DCA. *Id.* at 19.

The State argues that this claim is moot because the record confirms Waite was appointed appellate counsel the same day he filed his federal habeas petition. Doc. 14 at 5. Waite's response concedes that "counsel has technically been appointed," but argues that Ground Two is

not moot because counsel has not consulted with Waite regarding his appeal. Doc. 17 at 10.

Ground Two is moot. On October 10, 2025, the state court appointed counsel to represent Waite in his direct appeal. *See* Attach. 1; *see also* Doc. 15-1, Exs. 13, 24. On March 17, 2026, appellate counsel filed an initial brief on Waite's behalf. *See* Attach. 1.

Because Waite has been appointed counsel in his direct appeal and the alleged constitutional infirmity has been remedied, this federal court cannot provide Waite the relief he seeks (the appointment of appellate counsel) or any other meaningful relief. *See, e.g., Garey*, 180 F. App'x at 120–21 (dismissing as moot habeas claim related to petitioner's pre-trial transfer from Georgia to Florida for psychiatric evaluation to determine competence to stand trial; during pendency of habeas appeal, petitioner was transferred back to Georgia for trial and sentencing on federal charges and received sentence credit for time spent in evaluation).[4]

---

[4]Although there is an exception to the mootness doctrine when the action being challenged is capable of repetition yet evading review, "this exception is narrow, and applies only in exceptional situations." *Soliman*, 296 F.3d at 1242. To invoke the exception, Waite must show that "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and

One final point bears noting. Waite's response argues that "Ground Two presents an ongoing issue and is not moot" because Waite "remains unable to meaningfully consult with counsel, review the record, or participate in his appeal[.]" Doc. 17 at 2. This argument does not save Ground Two from dismissal.

A claim of a complete denial of counsel is separate and distinct from a claim that counsel's assistance was constitutionally infirm. *Compare Douglas v. California*, 372 U.S. 353 (1963) (Due Process and Equal Protection Clauses of Fourteenth Amendment require appointment of counsel for indigent defendants on first appeal as of right), *with Strickland v. Washington*, 466 U.S. 668 (1984) (standard for determining whether counsel's assistance was constitutionally ineffective) *and Smith v. Robbins*, 528 U.S. 259, 285 (2000) (applying *Strickland* standard to claim that appellate counsel's assistance was ineffective).

---

(2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." *Id*. at 1242–43.

Waite has not shown that there is a "reasonable expectation" or "demonstrated probability" that the same controversy concerning the appointment of appellate counsel will recur. Waite has failed to satisfy the first prong of the exception, and therefore fails to qualify for the mootness exception.

As just discussed, Waite's denial-of-counsel claim raised in Ground Two was mooted by the First DCA's appointment of appellate counsel. Thus, this claim must be dismissed. Any proposed ineffective-assistance-of-appellate-counsel claim cannot be raised in federal court until Waite first exhausts his state-court remedies in accordance with Fla. R. App. P. 9.141(b), (d).

## A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is

whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

"Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation, the relevant party shall file such an objection with the District Court.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **GRANT** Respondent's motion to dismiss, Doc. 14.

2.     **DISMISS** Petitioner's § 2254 petition without prejudice because Grounds One, Three and Four are unexhausted and Ground Two is moot.

3.     **DENY** a certificate of appealability.

4.     **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this <u>23rd</u> day of March, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**

Page 18 of 18